Filed 4/20/21  P. v. Adams CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C091094 |
| Plaintiff and Respondent, | (Super. Ct. No. CC036584) |
| v. | |
| XAVIER AKEEM ADAMS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Xavier Akeem Adams, has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the trial court's order.

1

# BACKGROUND

The People's information charged defendant with battery on a nonprisoner by prisoner (Pen. Code, § 4501.5;[1] count I) and resisting an executive officer (§ 69; count II). The information also alleged defendant had suffered a prior strike (§ 667, subds. (b)-(i)). Defendant pleaded not guilty and denied the enhancement allegation. Following the denial of defendant's motion to dismiss the case and/or continue the trial because of discovery delays, the court bifurcated the prior strike enhancement, and the two substantive charges were tried to a jury.

At trial, the People presented the testimony of three correctional officers who witnessed the underlying incident: Officer Janae Fisher, Officer Anthony Lares, and Officer Brett Cox. This testimony established that defendant was a prisoner at the California Correctional Center who was headed into the prison chapel for religious services. In order to enter the chapel, an inmate must have his shirt tucked in and ID out. Officer Fisher instructed defendant to tuck in his shirt. Defendant made eye contact, but ignored her. Fisher again told defendant to tuck in his shirt. Defendant feigned tucking in his shirt and continued into the chapel.

Officer Lares noticed defendant's shirt was still untucked. He asked defendant why his shirt was not tucked in and reiterated the requirements to enter the chapel. Defendant became upset and twice told Lares, "stop talking to me." Officer Lares instructed defendant to step outside the chapel and defendant refused. Defendant then refused orders from Officer Lares and Officer Cox to submit to handcuffing, clenching his fists and taking an aggressive posture.

Officer Lares grabbed defendant and spun him so that he was facing the wall. Lares attempted to handcuff defendant, but defendant resisted by holding his hands in

---

[1] Undesignated statutory references are to the Penal Code.

front, flailing, wiggling, and pulling his arms away. Officer Cox tried to assist by grabbing defendant's left hand, but defendant continued to resist, striking Cox in the chest with his elbow. Officer Fisher believed defendant had intentionally struck Officer Cox. Officer Cox also opined defendant had intentionally struck him.

Investigative Correctional Officer Lyla Whitford testified to investigating the incident, including photographing defendant within 30 minutes of its occurrence. Officer Whitford did not observe any bruises or other marks on defendant.

Defendant testified in his defense that he regularly attended church services and always kept his Bible, paper, and a pen with him when he did. Defendant denied hearing the officers tell him to tuck in his shirt until after he had signed into the chapel. He then tucked in his shirt as instructed. Officer Lares kept hassling him about the shirt, but it was already tucked in. Defendant refused to submit to handcuffing and did not understand why he was being asked to do so. He was spun around and handcuffs were placed on him. He did not resist and never elbowed Officer Cox. Defendant believed Officer Cox often used excessive force. Defendant had never assaulted a correctional officer, but he did admit he had been convicted of first degree murder.

The jury found defendant guilty of both counts, and defendant admitted the bifurcated prior strike allegation.

Defendant was sentenced on November 11, 2019. At that hearing, defendant requested the low term and made an oral motion to strike the prior strike allegation. The court noted defendant's life without the possibility of parole sentence and that defendant had chosen to become combative and assaultive, which created a problem for the prison. The court denied defendant's motion to strike the strike and imposed the midterm of three years doubled to six because of the prior strike for count I. For count II, the court imposed a sentence of 8 months, doubled to 16 months because of the prior strike, which the court stayed pursuant to section 654.

3

The court then imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 suspended parole revocation restitution fine (§ 1202.45). The court waived the court security fees (§ 1465.8) and the criminal conviction assessment fees (Gov. Code, § 70373) in the interests of justice. Finally, the court reduced the $600 presentence investigation fee to $200 (§ 1203.1b) and imposed that amount. Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.

/s/
HOCH, J.

We concur:

/s/
RAYE, P. J.

/s/
BLEASE, J.

4